**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LISA A. TROPEPE, | CIVIL ACTION |
| Plaintiff, | |
| v. | |
| AVCO CORPORATION, LYCOMING | NO. 17-4217 |
| ENGINES, FLYERS, INC. AND | |
| MICHAEL SCOTT REIMAN, | |
| Defendants. | |

## MEMORANDUM OPINION

The principal question before this Court is whether Plaintiff fraudulently joined non-diverse Defendants to defeat federal-court jurisdiction. Plaintiff Lisa Tropepe, a citizen of Florida, filed suit in the Court of Common Pleas of Philadelphia County against Defendants AVCO Corporation, Lycoming Engines, Flyers, Inc., and Michael Scott Reiman after her husband died when the Piper PA-280189 aircraft he was piloting crashed as he tried to land at an airport in Palm Beach. Defendants AVCO and Lycoming Engines removed the case to this Court on diversity grounds. 28 U.S.C. § 1441(b). Plaintiff moves to remand for lack of subject matter jurisdiction because, as stated in AVCO and Lycoming Engines' Notice of Removal, both Flyers, Inc. and Reiman are citizens of Florida which destroys complete diversity among the parties. *See* 28 U.S.C. § 1332(a); *Lincoln Property Co. v. Roche*, 546 U.S. 81, 89 (2005) ("[T]he statutory formulation 'between . . . citizens of different states' requires complete diversity between all plaintiffs and all defendants."). AVCO and Lycoming Engines contest remand on the theory that Plaintiff fraudulently joined Flyers, Inc. and Reiman. For the reasons that follow, Plaintiff's motion shall be granted.

"The doctrine of fraudulent joinder represents an exception to the requirement that removal be predicated solely upon complete diversity." *In re Briscoe*, 448 F.3d 201, 215-16 (3d

Cir. 2006).  If a lawsuit names non-diverse defendants, "the diverse defendant may still remove the action if it can establish that the non-diverse defendants were 'fraudulently' named or joined solely to defeat diversity jurisdiction." *Id.* at 216.  Here, the diverse defendants, AVCO and Lycoming Engines, bear a "heavy burden of persuasion," for removal statutes are "strictly construed against removal and all doubts . . . resolved in favor of remand." *See Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992).

Joinder is fraudulent if "there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment." *In re Briscoe*, 448 F.3d at 216 (internal quotation marks omitted).  The question, in short, is whether a plaintiff's claims are "wholly insubstantial and frivolous." *Batoff*, 977 F.2d at 852.  However, "if there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." *Id.* at 851.  The inquiry here is limited to "the plaintiff's complaint at the time the petition for removal was filed," and the factual allegations of the complaint must be assumed to be true. *Id*. at 851-52.

Plaintiff here provides a reasonable basis in fact supporting her claim against at least one non-diverse Defendant, Reiman, under Florida law.[1]  According to Plaintiff's allegations, Reiman continuously performed work on the aircraft for many years until the date of the accident.  Plaintiff also avers that he serviced the airframe and engine repeatedly, but failed to

---

[1] Although a federal court sitting in diversity must usually apply the choice of law rules of the state in which it sits, *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941), such an inquiry is not allowed at the fraudulent joinder stage because diversity jurisdiction has not been established yet. *Abels v. State Farm Fire and Cas. Co.*, 770 F.2d 26, 33 n.10 (3d Cir. 1985).  Without conducting Pennsylvania's choice of law analysis, the Court concludes that Florida's law is a colorable source of applicable law because the accident at issue occurred there.

notice the defects of the airplane engine. Thus, as to Reiman, Plaintiff has stated a colorable negligence claim, which requires "(1) a duty by defendant to conform to a certain standard of conduct; (2) a breach by defendant of that duty; (3) a causal connection between the breach and injury to plaintiff; and (4) loss or damage to plaintiff." *Clay Elec. Co-Op., Inc. v. Johnson*, 873 So.2d 1182, 1185 (Fla. 2003). Under Plaintiff's theory of liability, Reiman had a duty to exercise reasonable care in maintaining the aircraft and that his failure to do so caused her husband's death. Because Plaintiff, a Florida resident, states a colorable claim against Reiman, also a Florida resident, there is no complete diversity to support federal-court jurisdiction.[2] *See Lincoln Property Co.*, 546 U.S. at 89.

In sum, AVCO and Lycoming have not met their heavy burden in showing that the non-diverse Defendants, Flyers, Inc. and Reiman, were fraudulently joined. The matter shall therefore be remanded to state court. *See In re Briscoe*, 448 F.3d at 216 (citing 28 U.S.C. § 1447(c)).

An appropriate order follows.

**BY THE COURT:**

**/s/Wendy Beetlestone, J.**

_____

**WENDY BEETLESTONE, J.**

Date: 12/05/17

---

[2] Because Plaintiff has at least one colorable claim against a non-diverse defendant, analyzing whether Plaintiff has a colorable claim against Flyers Inc. is unnecessary.

3